**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CYNTHIA GATLING, ) <br> 1630 Fuller Street, N.W. ) <br> Washington, D.C. 20009 ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JUBILEE HOUSING, INC. (A NON-PROFIT ) <br> ORGANIZATION) ) <br> 111 Michigan Avenue, N.W. ) <br> Washington, D.C. 20010 ) <br>  ) <br> Serve: ) <br> James Knight ) <br> Registered Agent ) <br> 1640 Columbia Road, N.W. ) <br> Washington, D.C. 20009 ) <br> jknight@jubileehousing.org ) <br>  ) <br> JUBILEE HOUSING LIMITED PARTNERSHIP, ) <br> 1640 Columbia Road, N.W. ) <br> Washington, D.C. 20009 ) <br>  ) <br> Serve: ) <br> James Knight ) <br> Registered Agent ) <br> 1640 Columbia Road, N.W. ) <br> Washington, D.C. 20009 ) <br> ljenkins@jubileehousing.org ) <br>  ) <br> JAMES DEREK KNIGHT ) <br> 5713 Sherier Place, N.W. ) <br> Washington, D.C. 20016-5321 ) <br>  ) <br> DOROTHY LARIMER ) <br> 1640 Columbia Road, N.W. ) <br> Washington, D.C. 20009 ) <br>  ) <br> Defendants. ) | Case No. 1:20-cv-3770 <br><br> JURY TRIAL DEMANDED |

# **COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW, Plaintiff, CYNTHIA GATLING (hereinafter "Ms. Gatling" or "Plaintiff") by and through counsel, Eric L. Siegel of Kalbian Hagerty, LLP, and hereby files this action against Jubilee Housing, Inc., Jubilee Housing Limited Partnership, James Derek Knight and Dorothy Larimer (hereinafter "Defendants"), and for cause states:

## **INTRODUCTION**

1. This action is brought by Ms. Cynthia Gatling, by and through her counsel, under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (collectively the "Fair Housing Act" or "FHA"), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.21(a)(7) and (d) and 1402.62, to enjoin and remedy ongoing and systematic violations of the civil rights laws by Defendants in the design, construction, control, management and/or operation of the property located at 1620 Fuller Street, N.W., Washington, D.C. 20009 ("Subject Property"), a covered multifamily residential dwelling in District of Columbia, and other properties owned, controlled and/or managed by Defendants. Plaintiff seeks to redress the civil rights violations at the Subject Property and other properties Defendants have designed, constructed, controlled, managed and/or owned. Defendants' actions have excluded and/or impaired, and continue to exclude and/or impaired, persons with disabilities from access to, from and inside the Subject Property and other properties owned, controlled and/or managed by Defendants.

2. Pursuant to the FHA, every multifamily housing building containing four (4) or more units built for first occupancy after March 13, 1991, is subject to the design and construction

requirements of the FHA ("covered multifamily dwellings").

3. The FHA and the DCHRA require all ground floor units, and all units on any floor serviced by an elevator in a covered multifamily dwelling ("covered units"), as well as "public use and common use areas" associated with covered units, to contain certain features of minimum accessibility and adaptable design, including, among other things:

   a. an accessible building entrance on an accessible route;

   b. public-use and common-use areas that are readily accessible to, and usable by, individuals with disabilities;

   c. an accessible route into and through the dwelling;

   d. usable doors;

   e. usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

4. Congress has made clear that enforcement of the civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to design, construct and/or maintain dwellings and public accommodations to be accessible and adaptable to people with disabilities. *See* U.S. House of Rep. Report on the FHAA, H.R. Rep. No. 100-711 (1988). Congress declared that such barriers, even if not the product of invidious intent, "can be just as devastating as intentional discrimination." H.R. Rep. No. 100-711 at 25 (1988).

5. As described herein, Defendants have engaged in a continuous pattern and practice of discrimination against persons with disabilities, including but not limited to Plaintiff, in

violation of the FHA by designing, constructing, managing, owning and/or operating covered multifamily dwellings and the common use and public use areas associated with those covered dwellings in such a manner as to deny persons with disabilities equal access to, from and inside, and the use of, these facilities as required under federal civil rights laws.

6. As a result of Defendants' unlawful conduct complained of herein, Plaintiff has been damaged, including but not limited to suffering falls and injuries associated with defective public access ramps in the Subject Property's building entrance and defective and broken disability wheelchair lift that prevents access to and from the building through the Subject Property's basement entrance. There are also additional barriers to adequate egress inside the Subject Property so that Plaintiff and others are hampered and/or prevented in their ability to enjoy the full benefits of living in the Subject Property.

## JURISDICTION AND VENUE

7. This Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 2201, and 42 U.S.C. §§ 3613(a) and 12188. Further, this Court may exercise personal jurisdiction over the Defendants because Defendants' principal places of business are in this judicial district, and/or, on information and belief, they have conducted business in this judicial district, and Plaintiff's claims for relief arise from Defendants' transaction of business in this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims herein occurred in this district.

## THE PARTIES

9. Plaintiff, Cynthia Gatling, is a resident of the District of Columbia and resides at 1630 Fuller Street, N.W., Washington, D.C. 20009 ("Subject Property"), one of the buildings owned, controlled, managed and/or operated by Defendants.

10. Defendant Jubilee Housing, Inc. (the "Organization") is a non-profit organization whose principal place of business is located at 1640 Columbia Road, N.W., Washington, D.C. 20009.  The Organization was incorporated on October 25, 1973 in the District of Columbia.  The Organization provides affordable housing through various financing programs and structures, including but not limited to low-income housing tax credits, and is the managing/controlling entity for several limited partnerships that own properties. Beginning in 2018, those partnerships were consolidated with the financial statements for the Organization as "controlled entities."  The Organization is engaged in the ownership, development, construction and/or management of multifamily residential communities in the District of Columbia.

11. Defendant James "Jim" Knight is the President and Chief Executive Officer of the Organization. He conducts business in the District of Columbia. He resides at 5713 Sherier Place, N.W., Washington, D.C. 20016-5321.

12. Defendant Jubilee Housing Limited Partnership ("JHLP") is a limited partnership in the District of Columbia located at 1640 Columbia Road, N.W., Washington, D.C. 20009. On or about September 29, 2005, the Organization sold its properties, including the Subject Property, to JHLP, taking back a note receivable.  Thereafter, the Organization and JHLP have jointly owned and/or operated the Subject Property since that time.  JHLP is engaged in the ownership, development, construction and/or management of multifamily residential

communities in the District of Columbia.

13. In addition, the Organization entered into an agreement with JHLP in connection with the management of the rental operations of the partnership. JHLP is the property manager for the Subject Property.

14. Defendant Dorothy Larimer is Vice President of Property Management and Development for the Organization and JHLP. She conducts business in the District of Columbia.

15. The Organization also entered into a Partnership Administrative Fee Agreement with JHLP to renovate the Subject Property, which, on information and belief, took place in or about 2007.

## FACTUAL AND LEGAL BACKGROUND

16. Plaintiff has resided at the Subject Property for more than ten (10) years. As she has advanced in age, she has regrettably been inflicted with medical conditions that have confined her to a wheelchair.

17. Over the last several years, Ms. Gatling has fallen out of her wheelchair entering and/or exiting the Subject Property because the ramp in the Subject Building's foyer entrance is too steep and not in compliance with applicable Building architectural standards for persons with disabilities.

18. On information and belief, other residents and/or visitors to the Subject Property who are disabled have also fallen on the ramp in the Subject Building's foyer entrance because it is too steep and not in compliance with applicable Building architectural standards for persons with disabilities.

19. In addition, Plaintiff is, and has been, unable to access the mailroom off of the foyer

entrance because there is a step leading to that room that obstructs and/or prevents wheelchair access.

20. In addition, the wheelchair lift on the side of the building that connects the street level to the basement entrance where an elevator exists to take residents and visitors to the residential units has been inoperable for years.

21. Plaintiff, both herself and through her children and caregivers, have repeatedly requested that the wheelchair lift be repaired and/or replaced so that she and other disabled residents and visitors may gain access to and from the Subject Property without fear of falling and injury.

22. With regard to the foyer entrance ramp, Plaintiff, both herself and through her children and caregivers, have repeatedly requested that the ramp be repaired and/or replaced to be in accordance with proper building architectural standards, the FHA, the Americans with Disabilities Act and the DCHRA, so that she and other disabled residents and visitors may gain access to and from the Subject Property without fear of falling and injury.

23. Ms. Gatling's repeated requests have either been ignored or dismissed repeatedly.

24. Ms. Gatling must travel for medical treatment weekly. On at least one occasion during the last 18 months, she has fallen down the ramp and out of her wheelchair trying to navigate through the Subject Property's foyer entrance, requiring attention from emergency medical services provided by District personnel. These falls have caused injuries, both physical and emotional, and now she fears to travel down the ramp out of fear of falling again.

25. On one occasion when she fell and was treated by District emergency medical service personnel, she learned that the lockbox to the building that allows emergency personnel to

gain access to the Subject Property is also inoperable.

26. The Subject Property and other properties owned by Defendants Organization, JHLP and other Organization limited partnerships are subject to the prohibitions on discrimination set forth in 42 U.S.C. §§ 3604(f)(1)-(3) of the FHA because the properties include "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7), and were built for first occupancy and/or renovated after March 13, 1991.

27. Plaintiff has identified multiple violations at the Subject Property. Plaintiff anticipates that further investigation and discovery will identify additional FHA violations at the Subject Property.

28. Plaintiff and her offspring have also identified violations at other buildings owned, controlled and/or managed by Defendants or limited partnerships formed by Defendant Organization to own such buildings.

29. By way of example, covered dwelling units in the Subject Property subject to FHA design and construction requirements exhibited the following violations:

   a. building access features that are not located in accessible locations;

   b. lack of accessible routes into and through the Subject Building and the units, including access to the foyer entrance, mailroom, and other outside areas; and

   c. thresholds that act as barriers to persons in wheelchairs or persons using other mobility aids.

30. On information and belief, Defendants have participated in the design, construction, control, management, and/or ownership of the Subject Property.

31. On information and belief, the Subject Property and Plaintiff's residential unit share

relevant elements of design, demonstrating a pattern and practice of common design and construction. In addition, on information and belief, other buildings owned, controlled and/or owned by Defendants share relevant elements of design, demonstrating a pattern and practice of common design, construction and/or maintenance.

32. On information and belief, running water to units in at least one building owned, controlled and/or managed by Defendants is insufficient to foster healthy habitability in those units.

33. Defendants' violations are ongoing and demonstrate a pervasive pattern and practice of systematic and continuous FHA violations over multiple years. Defendants have repeatedly and continually failed to design, construct and/or repair covered multifamily dwellings, including their public and common use areas, in accordance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations.

34. Renovations to the Subject Property that constitute part of Defendants' pattern and practice of designing and/or constructing inaccessible multifamily dwellings have been completed within ten years of the filing of this Complaint.

35. In carrying out the aforementioned actions, Defendants have acted intentionally and/or willfully and/or with callous and reckless disregard of the FHA and/or DCHRA, as well as the rights of persons with disabilities to accessible housing.

36. Until remedied, Defendants' unlawful, discriminatory actions will continue to injure the Plaintiff and others by, among other ways:

    a. frustrating the purpose of promoting the equal availability of housing to all persons without regard to their membership in any protected category, including disability; and

    b.    injuring the rights and interests of Plaintiff and other residents and/or visitors who have disabilities by making the Subject Property unavailable, inaccessible and/or with limited accessibility to them.

37. All conditions precedent for the filing of this lawsuit have been satisfied.

## COUNT I
## FHA VIOLATIONS AGAINST ALL DEFENDANTS

38. Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.

39. The Subject Property contains approximately 41 individual housing units.

40. The Subject Property and Defendants' other properties are covered multifamily dwellings subject to the FHA. At the Subject Property, all units in the building on floors serviced by an elevator and ground floor units are "covered units" within the meaning of the FHA. Each "covered unit" at the Subject Property and the public and common use areas at the Subject Property are subject to the design and construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C).

41. Plaintiff resides in the Subject Property and found at the property violations of the FHA, 42 U.S.C. § 3604(f)(3)(C).

42. On information and belief, based on the violations identified at the Subject Property and other buildings owned, controlled and/or operated by Defendants, Defendants repeatedly and continually have failed to design, construct and/or maintain the Subject Property and other buildings so that, among other things:

    a.    public-use and common-use areas are readily accessible to, and usable by, individuals with disabilities;

      b.      an accessible route exists into and through the dwelling; and

      c.      building and other access controls in accessible locations are available.

43.    Through their design, construction, control, management, and/or ownership of the Subject Property and other properties, Defendants:

      a.      discriminated in the rental of, otherwise made unavailable, or denied dwellings to persons because of their disabilities in violation of the FHA, 42 U.S.C. § 3604(f)(l);

      b.      discriminated against persons because of their disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(2); and

      c.      failed to design, construct and/or maintain dwellings in compliance with the requirements mandated by the FHA, 42 U.S.C. § 3604(f)(3), and the applicable regulations.

44.    The actions complained of constitute a continuing pattern and practice of repeated and continuing FHA violations in that Defendants have engaged in a systematic and consistent discriminatory pattern and practice of designing, constructing and/or maintaining covered multifamily dwellings in violation of FHA requirements.

45.    Defendants' conduct has been intentional, willful and/or taken in reckless disregard for the rights of others.

46.    On information and belief, based on their past and ongoing practices, Defendants are continuing with their practices of designing, constructing and/or maintaining covered multifamily dwellings and common-use and public-use areas that are in violation of the

FHA.

47. Pursuant to Section 3613(c) of the FHA, Plaintiff is entitled to temporary and permanent injunctive relief, enjoining Defendants, their officers, directors, employees, agents, successors, assigns, and all other persons in active concert or participation with any of them, from constructing, including the acquisition of any building or construction permits or certificates of occupancy, any covered multifamily housing and common areas that fail to fully comply with the FHA and the applicable regulations.

48. As a result of Defendants' housing discrimination against Ms. Gatling, she will suffer economic damages and has suffered compensatory damages for pain, suffering, physical symptoms, and emotional anguish, justifying an award of monetary damages to be proven at trial.

49. Plaintiff also seeks reimbursement of attorneys' fees and costs associated with pursuing this matter.

**COUNT II**
**VIOLATION OF THE D.C. HUMAN RIGHTS ACT, D.C. CODE § § 2-1402.21(A)(7) AND (D) FOR DISABILITY DISCRIMINATION AGAINST DEFENDANTS**

50. Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.

51. Defendants Organization and JHLP are "housing businesses" and "persons" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(14), (21).

52. Defendants Knight and Larimer are also covered "persons" with the meaning of the DCHRA.

53. Plaintiff has a "disability" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(5A).

54. The Subject Property is a "place of public accommodation" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(24).

55. Plaintiff has requested a reasonable accommodation in the form of a wheelchair lift, a building entrance ramp leading to the Subject Property's elevators that is in compliance with architectural building standards and other accommodations for her disabilities to allow her to gain egress to, from and/or inside the Subject Property.

56. It is not an undue hardship for Defendants to provide a compliant wheelchair lift, building ramp leading to the Subject Property's elevators and/or other reasonable accommodations to allow Plaintiff, other residents and/or visitors to gain egress to, from inside the Subject Property.

57. Defendants have discriminated against Plaintiff on the basis of her disability and/or in housing in violation of D.C. Code § § 2-1402.21, among other ways, by removing and failing to reasonably accommodate her disabilities even though Defendants had the power and authority to grant those accommodations expeditiously, i.e., within days, of her many past requests.

58. As a result of Defendants' disability discrimination against Ms. Gatling, she will suffer economic damages and has suffered compensatory damages for pain, suffering, physical symptoms, and emotional anguish, justifying an award of monetary damages to be proven at trial.

59. As a result of Defendants willful and egregious violation of the D. C. Human Rights Act, and/or their reckless disregard for the rights of Ms. Gatling, she seeks an award of punitive damages against Defendants.

60. Plaintiff also seeks reimbursement of attorneys' fees and costs associated with pursuing

this matter.

**COUNT III**
**VIOLATION OF THE D.C. HUMAN RIGHTS ACT, D.C. CODE § § 2-1402.62**
**FOR AIDING AND ABETTING DISCRIMINATION AGAINST DEFENDANTS**

61. Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.

62. Defendants Organization and JHLP are "housing businesses" and "persons" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(14), (21).

63. Defendants Knight and Larimer are covered "persons" within the meaning of the D.C. Human Rights Act.

64. Plaintiff has a "disability" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(5A).

65. The Subject Property is a "place of public accommodation" within the meaning of the D.C. Human Rights Act. D.C. Code § 2-1401.02(24).

66. Plaintiff has requested reasonable accommodations in the form of a wheelchair lift, a building entrance ramp leading to the Subject Property's elevators, access to the mailroom for her wheelchair and/or other accommodations to allow her to gain egress to, from and/or inside the Subject Property.

67. It is not an undue hardship for Defendants to provide a compliant wheelchair lift, building ramp leading to the Subject Property's elevators in compliance with building architectural standards and/or other reasonable accommodations to allow her to gain egress to, from and/or inside the Subject Property.

68. Defendants have aided and/or abetted discrimination against Plaintiff on the basis of her disability and/or in housing in violation of D.C. Code § § 2-1402.21, among other ways,

       by removing and failing to reasonably accommodate her disabilities even though Defendants have the power and authority to grant those accommodations expeditiously, i.e., within days, of her many past requests.

69. As a result of Defendants' disability discrimination against Ms. Gatling, she will suffer economic damages and has suffered compensatory damages for pain, suffering, physical symptoms, and emotional anguish, justifying an award of monetary damages to be proven at trial.

70. As a result of Defendants willful and egregious violation of the D. C. Human Rights Act, and/or their reckless disregard for the rights of Ms. Gatling and others, she seeks an award of punitive damages against Defendants.

71. Plaintiff also seeks reimbursement of attorneys' fees and costs associated with pursuing this matter.

## JURY TRIAL DEMAND

72. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff, Cynthia Gatling, respectfully prays that this Court grant judgment in her favor, and against Defendants, jointly and severally, as follows:

    a. Declaring that Defendants' practices and actions, as alleged herein, violate the FHA, DCHRA and the applicable regulations;

    b. Enjoining Defendants, their officers, directors, employees, agents, successors, assigns, and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently, from:

      i. constructing, including the acquisition of any building or construction permits or certificates of occupancy, any covered multifamily housing and/or common areas that, in any way, fail to comply with the FHA, DCHRA and the applicable regulations;

      ii. renting any residential housing containing a covered unit, or any individual covered dwelling unit, until the entry of final relief herein, or until the completion of retro-fit alterations to the public areas of the Subject Property and/or covered units as may be ordered by the Court;

      iii. failing or refusing to bring the covered dwelling units and the public use and common use areas at the Subject Property into immediate compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the DCHRA and the applicable regulations; and

      iv. failing or refusing to design, construct and/or maintain any covered multifamily dwellings in the future in compliance with the FHA, DCHRA and the applicable regulations.

c. Award to Plaintiff and against Defendants economic damages and compensatory damages for the emotional harm, physical injuries, frustration and anxiety suffered, in an amount to be proven at trial;

d. Award to Plaintiff and against Defendants punitive damages in an amount to be proven at trial;

e. Award to Plaintiff and against Defendants reimbursement of reasonable attorneys' fees and costs associated with pursuing this matter;

 f. Award to Plaintiff and against Defendants interest on such judgment; and

 g. Award such other relief as the Court deems proper.

Dated: December 21, 2020    Respectfully submitted,

            KALBIAN HAGERTY, LLP

            By  /s/  Eric L. Siegel
            Eric L. Siegel
            Bar No. 427350
            888 17th Street, N.W., Suite 1000
            Washington, D.C. 20006
            (202) 419-3296
            esiegel@kalbianhagerty.com

            *Attorney for Plaintiff Cynthia Gatling*